BAXTER D. WHITNEY & SON, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34707.   Promulgated July 29, 1930.

*Harry Friedman, Esq.*, for the petitioner.
*Otis J. Tall, Esq.*, for the respondent.

OPINION.

SEAWELL: The first error assigned by petitioner is the failure of the Commissioner to allow as a deductible expense item in the petitioner's 1924 tax return the fee of $10,500 then paid to an accountant for services in getting the proposed income tax for 1918 against William M. Whitney reduced.

In section 234 (a) (1) of the Revenue Act of 1924 it is provided that:

In computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered, * * *

The evidence shows that the tax about which the petitioner incurred an expense of $10,500 (in having such tax reduced) was an income tax proposed against one William M. Whitney for the year 1918. It was not a tax proposed against the petitioner. The contract between William M. Whitney and the petitioner, the proposition made by the former and accepted by the latter constituting the same, is set forth in our findings of fact. The exact dates of the proposition and its acceptance are not shown in the evidence. There is no provision or requirement in the contract so made that the petitioner should pay the individual Federal income tax of William M. Whitney for the year 1918, nor for 1919, except such tax as might arise from the income of the particular business mentioned in the contract. The contract expressly provided that he should pay " all Federal taxes on income of said business for the year 1918."

The tax proposed against said William M. Whitney for 1918 and, in the decreased amount, paid by the petitioner, was not, in fact, under

the contract any liability of the petitioner nor was such tax based on the income derived from the operation of the business which petitioner acquired by virtue of the contract between them.

The payment of the $10,500 by the petitioner to an accountant in 1924 to get said tax for 1918 against William M. Whitney decreased was not an " ordinary and necessary expense " paid or incurred by the petitioner during said taxable year in carrying on its business.

In the case of *F. Tinker & Sons Co.*, 1 B. T. A. 799, 803, we said:

> The liquidation of a liability of known or unknown amount assumed by a corporation as a part consideration for the purchase of assets is not an ordinary and necessary expense of doing business. It is a capital transaction. It is not a legal deduction from gross income. The same is true of legal expenses paid in connection with the organization of a corporation. They are capital items.

The evidence indicates that the actual transfer of assets by Whitney to the petitioner was in March, 1919. The sale transaction between Whitney and the petitioner was treated by the Commissioner as complete, rights of the parties to the contract vested as of 1918, and the income tax was computed on the profit realized by Whitney as of that date. In the light of the contract and evidence, we can not say that the Commissioner erred. If the proposed tax against Whitney on account of the profit he realized from the sale to petitioner were viewed as a 1919 tax instead of 1918 tax, it would not have been a tax, considering its nature—being on the profit from the sale and not on income from the business operated, which petitioner was under its contract obligated to pay and the payment of the $10,500 to an accountant to have that tax reduced would not be allowable as a deductible item, as an ordinary and necessary expense of carrying on business.

The petitioner also assigns as error the failure of the Commissioner to allow a reasonable increase to a reserve for bad debts. While such was the assignment of error, in the presentation and argument of the case counsel for the petitioner stated: " Our position is that while the book entry shows this as a reserve for bad debts, as a matter of fact and in reality, it was purely and simply a charge off, * * *."

. Such being the insistence in behalf of the petitioner, we will consider the matter on the basis of a " charge-off."

Section 234 (a) (5) of the Revenue Acts of 1924 and 1926 provides:

> In computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:
> * * * * * * *
> (5) Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

384

In our opinion, the evidence is insufficient to show that the Almond Manufacturing Co.'s debt in 1924 and 1925 was ascertained to be worthless in whole or in part. The evidence indicates that in the years involved, 1924 and 1925, petitioner made no special effort to collect the debt against the Almond Manufacturing Co., nor to ascertain the actual condition of said company. No suit to collect was ever brought against it and it continued in business to 1928. The evidence fails to show that the debt was not recoverable in 1924 and 1925. Furthermore, instead of actually charging off any part of it, profit and loss account was simply charged with $10,000 in each of said years and reserve account was credited in same amounts.

The case of *O. S. Stapley Co.*, 13 B. T. A. 557, is cited and relied on by petitioner. The facts in that case and in the instant case are not similar. In it there were debts represented by open accounts and it was *stipulated* at the hearing that such accounts were ascertained to be " worthless " during the taxable year and as to such the question was simply whether there had been a proper " charge-off " within the meaning of the statute so as to entitle the petitioner to a deduction on account thereof.

In the instant case, there is no stipulation nor any satisfactory evidence that the debt or any portion of it was ascertained to be worthless in the taxable year in which a " charge-off " is insisted upon. It is not, therefore, necessary to further discuss the question whether there was a proper " charge-off." As was said by the United States Circuit Court of Appeals in *American Trust Co.* v. *Commissioner of Internal Revenue*, 31 Fed. (2d) 47:

* * * But a debt cannot be written off as worthless merely because it is doubtful. Reasonable and intelligent effort must be made to determine its value, and the circumstances thus discovered must be such as reasonably to generate the belief that it is in fact worthless. * * *

See *American National Bank*, 10 B. T. A., 490; *Joseph Rubin*, 9 B. T. A. 1183.

The action of the Commissioner herein is approved.

*Judgment will be entered for the respondent.*